THE PEOPLE ex rel. GEORGE PERAULT, Appellant, v. HENRY B. TURNER, Captain, etc., Respondent.

*Militia — discharge from — when granted — Actual, and not constructive service of seven years, required.*

The relator, who had been duly enlisted in the State militia, was expelled from his company on the 8th of April, 1873, at which time he had about a year to serve to complete the seven years of service, required by the Military Code to entitle him to a discharge. Some three years after he was, by a writ of *mandamus,* applied for by him, restored to his company and reinstated in all his rights and privileges as a member thereof, as of the said 8th of April, 1873. Subsequently he applied for a *mandamus* to compel the captain of his company to grant a discharge on the ground that he was entitled thereto, upon the expiration of one year from the said 8th day of April, 1873. *Held,* that the application was properly denied; that the statute requires actual, and not constructive, service, and that the relator was not, under the circumstances, entitled to count the time during which he was expelled from the company.

Appeal from an order made at the Special Term, denying an application of the relator for a *mandamus* compelling the defendant, as captain of a company in the national guard of the State, to grant to the relator a discharge therefrom on the ground that he had served the time required by law.

*H. H. Morange,* for the appellant.

*J. L. Price,* for the respondent.

Davis, P. J.;

Under the law in force at the time of the relator's enrollment, he was required to perform service for seven years before he would be

entitled to his discharge.   (Laws of 1862, chap. 477.)   Section 253 of the Military Code (Laws of 1870, chap. 80) continued this require-ment, as also did the several subsequent amendments thereto. (Laws of 1875, chap. 223, § 59 ; Laws of 1876, chap. 29, § 3.)   It is not disputed that, in point of fact, the relator has not performed seven years of service.   He was expelled from his company on the 8th of April, 1873, at a meeting of the company, at which, it appears, the commandant did not preside.

The by-laws of said company required that the commandant, when present, should preside at all meetings.   After the lapse of some three years the relator made application to be restored by *mandamus*, and his application was granted, as it appears by the writ set forth in the papers, on the ground that the commandant was present but did not preside at the meeting, and it was ordered by the court that the appellant be reinstated to all his rights and privileges as a member of the company, as of the 8th of April, 1873.   At the time of his expulsion he had one year yet to serve before he could be discharged for expiration of service, and he now claims that he is legally entitled to his discharge, because more than the year which he would have been required to serve, if not expelled, has expired.

What the statute requires is actual, and not constructive, service. It is impossible to say that the relator has rendered actual service, and the great lapse of time has occurred by reason of his neglect to institute proceedings for his reinstatement forthwith after his ille-gal expulsion.

It does not appear by the relator's affidavit that he, at any time during the period of his expulsion, tendered his services or took any steps which can be considered as equivalent to actual service ; and it seems to us very clear that he had no legal right to delay till after the period of seven years from his enrollment, before the com-mencement of the proceedings for restoration, and then insist, as matter of strict legal right, that his deprivation of membership in the company was equivalent to actual service therein.

The court below was right in denying his application on the merits.   It could have been properly denied upon technical grounds, but it is not necessary to consider such grounds.

The order of the court below should be affirmed, with ten dollars costs, besides disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs, and disbursements.